IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Arturo Neri-Castellanos, ) | Civil Action No. 4:10-70146 |
| ) | Criminal Action No. 4:08-864 |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| THE UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

PROCEDURAL HISTORY

This Matter comes before the Court on the pro se Petitioner Arturo Neri-Castellanos (hereinafter "Neri-Castellanos" or "Petitioner" or "Defendant") filing of a motion pursuant to 28 U.S.C. § 2255, seeking to vacate, set aside, or correct the sentence he received after pleading guilty to one count of possession with intent to distribute cocaine and one count of possessing a firearm in furtherance of a drug trafficking crime. As the record reflects, on August 26, 2008, a federal Grand Jury returned an Indictment which charged the Defendant with five counts of criminal conduct. Count 1 charged the Petitioner with conspiracy to possess with intent to distribute and to distribute 500 grams or more of cocaine in violation of 21 U.S.C § 846. Count 2 charged the Petitioner with possession with intent to distribute and distribution of a quantity of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). Count 3 charged the Petitioner with possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). Count 4 charged the Petitioner with using and carrying a firearm during and in relation to, and possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. 924(c)(1)(A).

1

Count 5 charged Petitioner with possession of a firearm and ammunition by an illegal alien in violation of 18 U.S.C. 922(g)(5)(A), 924(a)(2) and 924(e). On December 1, 2008, the Defendant entered into a written plea agreement with the Government. On that same date, the Petitioner pled guilty to Counts 3 and 4 of the Indictment. Petitioner was sentenced on January 23, 2009, to a total term of imprisonment of ninety-four (94) months (consisting of thirty-four (34) months as to Count 3, and sixty (60) months consecutive as to Count 4), followed by 5 years of supervised release (consisting of 3 years as to Count 3 and 5 years as to Count 4, all such terms to run concurrently). Judgment was entered in the case on February 11, 2009. Petitioner did not file an appeal.

The Petitioner filed the present action on January 26, 2010, alleging several grounds for relief. (Doc. #65). The United States of America ("Government") filed its response to the Petitioner's motion for relief under 28 U.S.C. § 2255 and motion for summary judgment on April 2, 2010. (Docs. # 76 & # 77). Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Petitioner was advised by Order filed on April 5, 2010 that he had thirty-four days to file any material in opposition to the Government's motion for summary judgment. (Doc. #78). On April 28, 2010, the Petitioner filed a response in opposition to the Government's motion for summary judgment. (Doc. #80). This matter is now ripe for disposition.

## 28 U.S.C. 2255

Section 2255 provides that a prisoner in custody under sentence of a federal court may file a motion in the court which imposed the sentence to vacate, set aside, or correct the sentence. The statute states four grounds upon which such relief may be claimed: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized

2

by law, and (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C.A. § 2255. Generally, 28 U.S.C. § 2255 requires petitioner to prove by a preponderance of the evidence that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." This is the proof needed to allege a constitutional error. "The scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.' " Leano v. U.S., 334 F.Supp.2d 885, 890 (D.S.C. 2004)(quoting United States v. Mikalajunas, 186 F.3d 490, 495-96 (4th Cir. 1999)). In deciding a section 2255 motion, the court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing Petitioner's *pro se* motion, and finds that no hearing is necessary.

## SUMMARY JUDGMENT STANDARD

The Government filed a response and motion for summary judgment as to all grounds raised by Petitioner. (Docs. # 76 & # 77). The issue in determining a motion for summary judgment is whether there exists a genuine issue of material fact. FED.R.CIV.PRO. 56. Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of genuine issues of material fact. Celotex Corporation v. Catrett, 477 U.S.

3

317, 323; see also, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249. Though this initial responsibility rests with the moving party, when a motion for summary judgment is made and supported as provided in Rule 56, the non-moving party must produce "specific facts showing that there is a genuine issue for trial," rather than resting upon bald assertions contained in the pleadings. FED.R.CIV.PRO. 56(e); see Celotex, 477 U.S. 317. Thus, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue of material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the non-moving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof. Celotex, 477 U.S. at 322-23 (1986).

## DISCUSSION AND ANALYSIS

Petitioner has filed this action asserting the following claims (set forth verbatim):

1. Ineffective assistance of counsel-whether movant should be awarded a downward departure for exceptional remorse

2. Whether movant should be granted a down ward departure because he is a deportable alien.

3. Whether a downward departure is warranted because of movant's pretrial condition

4. Whether the impact of United States v. Whitley, 529 F.3d 150 (2d Cir. 2008), had the potential of relieving the district court from imposing a mandatory consecutive 5 year sentence on the 924(c) count and

5. Multiple Factors.

Petitioner has also filed a memorandum of law in support of his § 2255 petition. In his first three grounds for relief, Petitioner claims that defense counsel was ineffective for failing to move for a downward departure based on: 1) his "exceptional remorse," 2) his status as a "deportable alien," and 3) the conditions of his pretrial detention. He also claims defense counsel was ineffective for failing to argue that the case <u>United states v. Whitley</u>, 529 F.3d 150 (2nd Cir. 2008) had the effect of "relieving the district court from imposing a mandatory consecutive 5 year sentence on the 924(c)count." Finally, Petitioner argues that even if none of the alleged grounds warrant a downward departure when considered individually, they do justify a departure when considered in combination under U.S.S.G. Section 5K2.0(c).

In response to Petitioner's assertions of ineffective assistance of counsel, the Government asserts that Petitioner has not shown that his counsel's performance was at all deficient. Furthermore, the Government indicates that Petitioner has not shown that he was prejudiced in any way by counsel's performance. Thus, the Government argues, because Petitioner has failed to satisfy either part of the <u>Strickland</u> test, his claims of ineffective assistance of counsel are without merit and should be denied. The Court will analyze each asserted ground for relief.

A claim of ineffective assistance of counsel is subject to collateral review pursuant to § 2255. <u>McMann v. Richardson</u>, 397 U.S. 759, 771, n. 14 (1970). In order to prevail on a claim of ineffective assistance of counsel, the defendant must prove two things: one, that counsel's performance fell below an objective standard of reasonableness; and two, that counsel's deficiencies prejudiced his defense. <u>Strickland v. Washington</u>, 466 U.S. 668, 687-692, 104 S.Ct. 2052, 2063-67 (1984). The defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Id</u>. at 694. The

reviewing court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Further, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . .." Id. at 689. As the Strickland Court observed:

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.

Id. at 689.

With regards to Petitioner's first ground for relief, that defense counsel was ineffective for failing to move for a downward departure based on his allegedly exceptional remorse, the Court notes as an initial matter that although counsel did not make a motion for downward departure based solely on exceptional remorse, counsel did ask the Court to consider a sentence below the Guidelines range based on a number of factors including, among others, the fact that Petitioner did not hesitate to plead guilty and that he learned his lesson. Sentencing Transcript, pp. 8-10[1]. In his Memorandum in Support Neri-Castellanos himself twice uses the phrase "learn his lesson" in attempting to show exceptional remorse on his part. However, this Court was not persuaded by counsel's arguments for a sentence below the Guidelines range, deciding instead to sentence Petitioner within the applicable range. Sentencing Transcript, pp. 13-14.

---

[1]All References to the sentencing transcript in this Order refer to the sentencing transcript attached as Exhibit 2 to the Government's memorandum in support of its motion for summary judgment.

The Government asserts that for a defendant's remorse to constitute a basis for a downward departure it must be present to an exceptional degree. See United States v. Fagan, 162 F.3d 1280, 1284-85 (10th Cir. 1998); United States v. Carter, 122 F.3d 469, 475-76 (7th Cir. 1997). The Government argues that the record in this case does not support a finding of exceptional remorse. This Court finds the Government's position persuasive.

At the sentencing hearing, when asked by this Court if he had anything to say, Petitioner merely stated: "Yes. I would like to say that I am sorry. I'm very remorseful for my serious offense. I'm sorry." Sentencing Transcript, p. 11. If this statement evidences remorse sufficiently exceptional to warrant a downward departure, then virtually every defendant who expresses any regret for their criminal conduct would qualify. This Court does not conclude that the record supports Petitioner's contention that his remorse was exceptional enough to warrant a downward departure. Thus, even if counsel had argued for a downward departure or variance based solely on exceptional remorse that argument would have been rejected as being without sufficient merit.

With regards to Petitioner's second ground for relief, that defense counsel was ineffective for failing to move for a downward departure based on Defendant's status as a deportable alien, the Court notes that defense counsel did request a sentence below the Guidelines range based on several factors including, among others, the fact that Petitioner was deportable. As counsel stated at the sentencing hearing: " He's going to be deported. He's going to go back to Mexico. ...I think we'll just warehouse him until we send him back to Mexico." Sentencing Transcript, p. 10. However, as noted above, this Court declined to sentence him below the Guidelines range. Thus, the record does show that counsel did draw the Court's attention to his status as a deportable alien in seeking a sentence below the Guidelines range.

The Government asserts that even if defense counsel moved for a departure based solely on Petitioner' status as a deportable alien, that motion would have been denied as meritless because the record does not support a departure on that basis. Petitioner relies heavily on the Seventh Circuit case United States v. Farouil, 124 F.3d 838 (7th Cir. 1997), in arguing that a sentencing court is permitted to depart downward based on a Defendant's status as a deportable alien. However, in United States v. Meza-Urtado, 351 F.3d 301, 305 (7th Cir. 2003), the Seventh Circuit clarified and substantially limited the scope of its holdings in cases such as Farouil: "[W]e now hold that departures from the correctly established guideline range based merely on a defendant's status as a deportable alien are not authorized." Rather, as the Seventh Circuit states in Meza-Urtado, a downward departure should be considered only when the defendant's status as a deportable alien results in "confinement conditions . . .substantially more onerous than the framers of the guidelines contemplated in fixing the punishment range for the defendant's offense." Meza-Urtado, 351 F.3d at 305 (internal quotations and citations omitted). Similarly, the Fourth Circuit in United States v. Debeir, 186 F.3d 561, 570 (4th Cir. 1999), found that the defendant's alien status did not provide a basis for departure because there was no evidence that this status had a "direct adverse impact on his incarceration... ."

After a review of the Seventh Circuit cases of Farouil and Meza-Urtado, as well as the Fourth Circuit's opinion in Debeir, the Court concludes that the Government's position is sufficiently persuasive. In this case, Petitioner has failed to show how the conditions of his confinement were more onerous in any way, much less "substantially more onerous," because of his status as a deportable alien. He also has not shown that his alien status had a direct adverse impact on his incarceration. Other than the assertion in his Memorandum in Support that he would be "subject to significantly harsher conditions of confinement" than a "non-alien convicted of the same

8

offense," there is nothing in the record justifying a downward departure based on his status as a deportable alien. Thus, the Court concludes that even if counsel had argued for a downward departure or variance based on Petitioner's status as a deportable alien that argument would have been rejected as being without sufficient merit.

With regards to Petitioner's assertion that defense counsel was ineffective for failing to move for a downward departure based on the conditions of his pre-trial confinement, the Government indicates the record does not support this claim. To justify such a departure, the Government notes that "the conditions must be extraordinarily or unusually harsh, or so substandard or onerous as to take...[the] case out of the heartland of cases." See United States v. Dyck, 334 F.3d 736, 742-43 (8th Cir. 2003); United States v. Turner, 569 F.3d 637, 642 (7th Cir. 2009); United States v. Pressley, 345 F.3d 1205, 1218-19 (11th Cir. 2003); United States v. Carty, 264 F.3d 191, 196 (2d Cir. 2001). Furthermore, to justify a sentencing court's decision to depart downward based on pretrial or presentencing conditions of confinement, there must be evidence in the record, more than mere assertions, to support a finding that such conditions are unusually harsh or onerous. See United States v. Quattlebaum, 283 Fed.Appx. 98, 100 (4th Cir. 2008)(unpublished opinion)(considering the district court's denial of a downward variance and finding significant that defendant offered no comparative evidence corroborating his assertion that pretrial confinement was atypically harsh); Dyck, 334 F.3d at 742-43 (reversing downward departure because record devoid of facts showing conditions of confinement sufficiently substandard or onerous to warrant departure); United States v. Ramirez-Gutierrez, 503 F.3d 643, 646 (7th Cir. 2007)(affirming district court's refusal to downward depart and finding as significant defendant's failure to present evidence of "substandard or onerous" conditions of pretrial confinement); Turner, 569 F.3d at 642 (affirming district court's

refusal to reduce defendant's sentence and finding as significant defendant's failure to "support[] his claims of poor presentencing confinement with any evidence").

The Government asserts that Petitioner's allegations regarding his pretrial conditions of confinement do not justify a downward departure. In his Memorandum in Support he complains that the conditions at the detention facility were "dismal" and "unsanitary", that there were "insects, mildew and disease" and that the facility quarantined inmates rather than providing medical treatment for communicable diseases. However, there is nothing in the record which supports or corroborates these mere assertions regarding his conditions of confinement. Petitioner made no complaints about these conditions at his guilty plea or sentencing hearings, or at any time prior to his 2255 motion. The Government notes that defense counsel William F. Nettles, IV states in his affidavit that he "does not recall Mr. Neri-Castellanos' pretrial conditions being any more "dismal" and "qualitatively different" than counsel's other clients who were in pretrial detention." Nettles Affidavit, p. 2.[2] In light of the above-cited case law, and because there is a lack of information in the record to support or corroborate Petitioner' allegations about his conditions of confinement, this Court finds the Government's position (that Petitioner has failed to show that a downward departure was warranted on the basis of pretrial conditions of confinement) persuasive.[3] Accordingly, the

---

[2]This affidavit is attached as Exhibit 3 to the Government's Memorandum in Support of its Motion for Summary Judgment.

[3]Even assuming for the sake of argument that Petitioner accurately described the conditions of his confinement, those conditions were not extraordinarily or unusually harsh, especially when compared to conditions found by Courts of Appeal to be sufficiently harsh to consider departing downward. See Pressley, 345 F.3d at 1219 (noting that the defendant spent six years in pre-sentence confinement, five years of which he was subjected to 23-hour-a-day lockdown and was not allowed outside). Canty, 264 F.3d at 193 (noting that the defendant was detained eight months in a Dominican prison, where he was held in an unlit four-by-eight-foot cell with three or four other inmates, had no access to running water, paper, pens, newspaper, or

Court is persuaded that even if counsel had argued for a downward departure or variance based on Petitioner's pre-trial conditions of confinement that argument would have been rejected as being without sufficient merit.

Next, Petitioner claims that defense counsel was ineffective for failing to argue that according to United States v. Whitley, 529 F.3d 150 (2nd Cir. 2008), this Court was not required to impose a five-year consecutive sentence on Count 4, the 924(c) count, and therefore, that this Court had the discretion to impose a lower sentence on that count. In response, the Government asserts that the Fourth Circuit has rejected the reasoning upon which the holding in Whitley is based. In addition, the Government also argues that the facts of this case are distinguishable from Whitley. The Government argues that as the holding in Whitley is inapplicable to this case, defense counsel cannot be found ineffective for failing to make this argument.

In United States v. Whitley, 529 F.3d 150 (2nd Cir. 2008), the Second Circuit held that under the "except" clause[1] of 18 U.S.C. § 924(c)(1)(A), the minimum consecutive ten-year sentence for discharging a firearm did not apply to a defendant who was subject to the higher fifteen-year minimum sentence for being an armed career criminal under 18 U.S.C. § 924(e).[4] This holding was

---

radio, and was allowed only one phone call per week). Instead it appears that Petitioner's conditions of confinement more closely resemble those at issue in Turner supra, in which the defendant complained that "he was not given nutritious food, reasonable medical care, clothing, educational classes, or sanitary conditions in which to live." In that case the Seventh Circuit agreed with the district court's assessment finding that "none of these conditions rose to a level warranting sentencing relief." Turner, 569 F.3d at 642.

[4]The "except" clause of 18 U.S.C. § 924(c)(1(A) reads: "Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law....". The subsection further specifies three levels of minimum sentences for firearms activity in connection with crimes of violence and drug trafficking crimes, depending on whether the firearm was possessed, brandished, or discharged.

11

based on the Second Circuit's interpretation of the "except" clause to mean that a minimum consecutive sentences under 924(c)(1)(A)(i)- (iii) does not apply whenever a defendant is subject to a mandatory minimum sentence under another provision of law which is greater than the minimum consecutive sentence under 924(c).

However, in <u>United States v. Studifin</u>, 240 F.3d 415 (4th Cir. 2001), the Fourth Circuit explicitly rejected this particular interpretation of the "except" clause of 924(c)(1)(A), finding such an interpretation to be inconsistent with the clear intent of the statute to increase, rather than decrease, sentences for defendants who use firearms to commit the predicate crimes set forth in 924(c). Although <u>Whitley</u> was decided after <u>Studifin</u>, it appears to be apparent that the Fourth Circuit has rejected the interpretation of the "except" clause adopted by the Second Circuit, a fact which is acknowledged by the Court in <u>Whitley</u>, 529 F.3d at 156-158. Thus, in this case, it would have been fruitless for defense counsel to argue for a sentence of less than five-years consecutive on the 924(c) count based on the holding in <u>Whitley</u>.

Furthermore, even if the Fourth Circuit had adopted the Second Circuit's interpretation of the "except" clause, the holding in <u>Whitley</u> would be inapplicable to the facts of this case. In <u>Whitley</u> the defendant was facing two mandatory minimum sentences which were competing, so to speak, requiring an interpretation regarding the applicability of the "except" clause. In this case, on the other hand, the only mandatory minimum sentence was for Count 4, the 924(c) count. The other count, Count 3, was for possession with intent to distribute a quantity of cocaine, a violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) which carries no mandatory minimum sentence. Therefore, because there were no competing mandatory minimum sentences requiring any consideration of the "except"

clause, the holding in Whitley has no bearing on this case. The Government asserts that for the reasons cited above, any motion or argument by defense counsel, that under Whitley this Court was not required to impose a five-year consecutive sentence on the 924(c) count, would have been denied as meritless. This Court agrees.

In each of the four grounds raised by Petitioner, Petitioner's burden under Strickland as outlined above is two-pronged, and this Court is not sufficiently persuaded that he has satisfied either prong in relation to the first, second, third, or fourth grounds for relief raised in his petition. In each claim, Petitioner has made an various assertions that counsel has failed to do something that Petitioner feels he should have done, however, Petitioner does not allege, nor offer persuasive argument that but for counsel's actions, the outcome would have been different. The Court notes that it has reached the conclusion that each of the claims, if raised would have been without sufficient legal merit. The failure of an attorney to raise a meritless motion or claim does not amount to ineffective assistance of counsel. See Moody v. Polk, 408 F.3d 141, 151 (4th Cir. 2005)(holding that counsel was under no duty to make meritless motion); see also United States v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994)("Counsel is not deficient for, and prejudice does not issue from, failure to raise a legally meritless claim."). In sum, this Court cannot conclude that Petitioner's legal counsel was deficient in his performance, or that Petitioner can show any resulting prejudice therefrom. Accordingly, the Government's motion for summary judgment as to the first, second, third, and fourth claims raised in Petitioner's petition is granted.

Finally, Petitioner asserts that even if none of the offender characteristics or circumstances raised in his other grounds for relief are independently sufficient to warrant a downward departure,

that when considered in combination, they do justify such a departure under U.S.S.G. § 5K2.0(c). However, it is not clear whether Petitioner is alleging that counsel was ineffective for failing to make this argument to this Court at sentencing, or whether he is asking this Court to grant a departure now under § 5K2.0(c).

The Government asserts that to the extent that Petitioner attempts to pursue this claim as an ineffective assistance of counsel claim, his claim must fail because it lacks merit and counsel cannot be found deficient for failing to raise it. The Government also argues that Petitioner cannot show prejudice. This Court agrees.

To the extent that Petitioner is arguing that this Court should grant a departure now under § 5K2.0(c), the Government asserts that this claim has been procedurally defaulted because Petitioner failed to raise it on direct appeal. The Government argues that because Petitioner's claim is non-constitutional in nature and could have been raised on appeal, but was not, the claim is not cognizable on collateral review. See United States v. Emanuel, 869 F.2d 795 (4th Cir. 1989). Furthermore, the Government indicates that even assuming for the sake of argument that the claim is constitutional in nature, in order to prevail Petitioner must show either (1) cause for the delay and prejudice or (2) that failure to consider the issue will result in a fundamental miscarriage of justice. See United States v. Frady, 456 U.S. 152, 167-68 (1982). The Government argues that unless he is alleging ineffective assistance in relation to this claim, Petitioner has not identified any cause for his failure to raise it before, nor has he shown prejudice. That is, he has not shown that his claim for relief under § 5K2.0(c) would have been successful had it been previously raised. Finally, the Government asserts that Petitioner has not shown that failing to consider this issue would result in a fundamental miscarriage of justice.

Even if this Court were to find that Petitioner's claim is not procedurally defaulted, his claim is without sufficient merit. U.S.S.G. § 5K2.0(c) reads as follows:

> **(c)** Limitation on Departures Based on Multiple Circumstances.--The court may depart from the applicable guideline range based on a combination of two or more offender characteristics or other circumstances, none of which independently is sufficient to provide a basis for departure, only if–
> > **(1)** such offender characteristics or other circumstances, taken together, make the case an exceptional one; and
> > **(2)** each such offender characteristic or other circumstance is--
> > > **(A)** present to a substantial degree; and
> > > **(B)** identified in the guidelines as a permissible ground for departure,
> > > > even if such offender characteristic or other circumstance is not ordinarily relevant to a determination of whether a departure is warranted.

Under this section a sentencing court "may depart from the applicable guideline range based on a combination of two or more offender characteristics or other circumstances, none of which independently is sufficient to provide a basis for departure, only if- (1) such offender characteristics or other circumstances, taken together, make the case an exceptional one; and (2) each such offender characteristic or other circumstance is- (A) present to a substantial degree..." However, as discussed more fully above, this Court cannot conclude that Petitioner has shown that any of the characteristics or circumstances identified by him as alleged grounds for departure were "present to a substantial degree." Nor do these grounds, even when "taken together," make this case "an exceptional one." In sum, the Court is not sufficiently persuaded that this it is the kind of exceptional case to which U.S.S.G. § 5K2.0(c) was intended to apply. Thus, Petitioner's fifth claim for relief is without sufficient merit. Accordingly, the Government's motion for summary judgment as to the fifth claim raised in Petitioner's petition is granted.

CONCLUSION

For all of the reasons cited above, Petitioner's motion for relief pursuant to 28 U.S.C. § 2255 is **DENIED**.  Respondent's motion for summary judgment is **GRANTED** (Doc. # 76), and this matter is **DISMISSED**, with prejudice.

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings.  The Court concludes that it is not appropriate to issue a certificate of appealability as to the issues raised herein.  Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED.**

                                                    s/ Terry L. Wooten
                                          **TERRY L. WOOTEN**
                              **UNITED STATES DISTRICT COURT JUDGE**

July 22, 2010
Florence, South Carolina